

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                                          Plaintiff,

v.

POLY ANTUNEZ,
ANTONIO QUINONES,
JOVANNY ENRIQUEZ,

                                          Defendants.

Case No.:  26-CR-402 TWR

**ORDER DENYING MOTION (1) TO AMEND SCHEDULING ORDER, (2) FOR APPOINTMENT OF LEARNED COUNSEL, AND (3) TO SCHEDULE A STATUS HEARING**

(ECF Nos. 52–54)

Pending before the Court is Defendant Jovanny Enriquez's Motion to Amend Scheduling Order, to Appoint Learned Counsel, and to Schedule a Status Conference ("Mot.," ECF No. 52).  Codefendants Antonio Quinonez (ECF No. 53) and Poly Antunez (ECF No. 54) have filed motions to join Defendant Enriquez's Motion,[1] and the Government has filed a Response ("Resp.," ECF No. 56) to the Motion.  For the reasons set forth below, the Court **DENIES** the Motion.

/ / /

---

[1]     The Court **GRANTS** the joinder motions.

1

26-CR-402 TWR

**I.      Motion to Amend Scheduling Order[2]**

In support of his Motion to Amend the Scheduling Order, Defendant Enriquez states that the Order has "had the unintended consequence of putting undue and coercive pressures on undersigned counsel and his client, pressures that will affect counsel's ability to competently perform his constitutional duties and the likelihood of an appropriate resolution of the case." (Mot. at 2.)  Regarding the alleged "undue and coercive pressures," Defendant Enriquez asserts:

> As a result of the current schedule, including not only the October trial date but also specifically the deadlines for filing motions by June 3, and for filing any death eligible charges by April 24, 2026, the government has felt it necessary to place an April 17, 2026 deadline on acceptance of a non-capital plea offer, made formally to the undersigned counsel just one day ago on March 27, 2026, involving a government recommendation of no more than 40 years of prison time for 20 year old Jovanny Enriquez.

(*Id.* at 4–5.)  The Court finds Defendant Enriquez's arguments unpersuasive for two reasons.

First, his speculation that the Government's plea deadline directly resulted from the Court's Scheduling Order is apparently incorrect:

> [T]he government's current [plea] offer was not motivated solely by the Court's order on the filing of any superseding charges, and the government does not feel pressured in its exercise of prosecutorial discretion by the imposition of such a deadline.  The terms and timing of the offers made to defendants fundamentally relate to the current charges and the reality that, if

---

[2]      The Scheduling Order addressed in the Motion was issued by the Court on March 24, 2026.  (ECF No. 49.)  In its Response, the Government misconstrues the Order as "*requir[ing] that all charges to be tried in October be filed by April 24, 2026*."  (*See* ECF No. 56 at 2 (emphasis added).)  To the contrary, the Order stated:

> To be clear, this Order addresses only the timing and *likely* consequences of when death-eligible charges are filed, not whether those charges can or cannot be filed.  Should the Government wish to file death-eligible charges at a time after April 24, 2026, nothing in this Order prevents the Government from doing so; however, doing so *may* lead to two parallel proceedings and quite *possibly* two trials.

(*See* ECF No. 40 at 6 (emphasis added and citation omitted).)

26-CR-402 TWR

the defendants do not plead guilty, then they would be losing potential benefits of early resolution because the United States will necessarily need to prepare for trial, including complying with certain pretrial discovery obligations.

(See Resp. at 4.)  It is axiomatic that "[t]here is no constitutional right to plea bargain, and the decision whether to offer a plea bargain is a matter of prosecutorial discretion." *United States v. Moody*, 778 F.2d 1380, 1385–86 (9th Cir. 1985) (citing *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977)).  Absent evidence that the Government has somehow engaged in "invidious discrimination," its discretionary plea procedures are not properly subject to judicial oversight.  *See United States v. Estrada-Plata*, 57 F.3d 757, 760 (9th Cir. 1995).  While the timing of the Government's plea offer may be somewhat disruptive to counsel's preferred schedule, the Court respectfully declines to participate in any plea-related scheduling disputes between Defendants and the Government.

Second and relatedly, Rule 11(c)(1) of the Federal Rules of Criminal Procedure provides:

An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement.  *The court must not participate in these discussions.*

Red. R. Crim. P 11(c)(1) (emphasis added.)  Despite the clear prohibition on the Court becoming involved in plea discussions, Defendant Enriquez has unfortunately elected to inform the Court of the specific terms of his plea negotiations with the Government. Having done so, he seeks a modification of the existing Scheduling Order to, in effect, facilitate his ongoing negotiations with the Government.[3]  The Court will not violate—or even give the appearance of violating—Rule 11(c)(1).

For both these reasons, the Motion to amend the Scheduling Order is **DENIED**.

///

---

[3]  It is worth noting that it is unclear whether the requested modification to the scheduling Order would even have any effect on the plea deadline set by the Government.

26-CR-402 TWR

## II.     Motion to Appoint Learned Counsel

Defendant Enriquez has requested appointment of "learned counsel" because the Government could potentially bring death-eligible charges in this case.  (*See* Mot. at 6–9); *see also* 18 U.S.C. § 3005 (requiring the appointment of second counsel who is "learned in the law applicable to capital cases" for any defendant who is "indicted for treason or other capital crime").  As presently charged, however, none of the Defendants in this matter are facing the death penalty.  (*See generally* ECF No. 1.)  The Court therefore declines to exercise its discretion to appoint "learned counsel" at this time and **DENIES** the Motion.[4]

## III.     Motion to Set a Status Hearing

Defendant Enriquez has requested a status hearing to "further discuss the status of preparation, the need for additional time, and the government's position on whether capital[-]eligible charges remain a potential in this case."  (Mot. at 9.)  That Motion is **DENIED**.[5]

IT IS SO ORDERED.

Dated:  April 6, 2026

_____
Honorable Todd W. Robinson
United States District Judge

---

[4]     If death-eligible charges are filed by the Government, the Court will promptly appoint "learned counsel" for any affected defendant pursuant to Section 3005.

[5]     If death-eligible charges are filed by the Government, the Court will calendar a status hearing to address scheduling issues stemming from the Department of Justice's death penalty review process.

26-CR-402 TWR